# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION


**ROBERT HENDERSON,**

       **Plaintiff,**

                                 **Civil Action 2:21-cv-2088**

       **v.**                          **Judge Michael H. Watson**

                                 **Magistrate Judge Elizabeth P. Deavers**


**PAPPAS TRUCKING LLC**
**AG CONTAINER**

       **Defendant.**

## REPORT AND RECOMMENDATION

This matter is before the Court for consideration of Plaintiff Robert Henderson's

Application to Proceed *In Forma Pauperis*. (ECF No. 1 as supplemented by ECF No. 2.) For

the reasons that follow, it is **RECOMMENDED** that Plaintiff's Application be **DENIED**.

To ensure access to courts, 28 U.S.C. § 1915(a) permits an indigent plaintiff to avoid

payment of filing fees if the applicant demonstrates by affidavit the inability to pay such fees.

The United States Supreme Court, in *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331,

(1948), set forth the legal standards governing applications to proceed *in forma pauperis*. The

*Adkins* Court advised that "one must not be absolutely destitute to enjoy the benefit of the

statute" and that the statute does not require an individual to "contribute . . . the last dollar they

have or can get." *Id. at* 339. The Court explained that "[t]he public would not be profited if

relieved of paying costs of a particular litigation only to have imposed on it the expense of

supporting the person thereby made an object of public support." *Id.* Rather, what is required is

a demonstration via affidavit that "because of his [or her] poverty," the applicant cannot pay the

fee and continue to provide for the necessities of life.  *Id.*  Courts evaluating applications to

proceed *in forma pauperis*, generally consider an applicant's employment, annual income and

expenses, and any other property or assets the individual possesses.  *Giles v. Comm'r of Soc.*

*Sec.*, No. 14-CV-11553, 2014 WL 2217136, at *1 (E.D. Mich. May 29, 2014).

      Here, the information set forth in Plaintiff's *in forma pauperis* application and his

supplemental filing does not demonstrate his inability to pay.  Plaintiff's application reflects that

he is single, has no dependents, owns two cars and has $400 in cash on hand.  (ECF No. 1 at

PAGEID ## 2-3.)  Plaintiff's application also indicates that he receives weekly unemployment

income of $480.00, which places his income at nearly twice the poverty level of income for a

single person.[1]  (*Id.* at PAGEID # 2.)  Further, Plaintiff's monthly income exceeds his identified

monthly expenses - which include  $450 for rent, $270 for cable, $68 for internet, $140 for gas,

$124 for a car warranty, $180 for electric, $80 for a phone, $40 for medical visits and $50 for

medicine – by more than $500.[2]  It does not appear, therefore, that the cost of filing the instant

matter is beyond Plaintiff's means.  *See, e.g., Schottenstein v. City of Bexley*, No. 2:20-CV-6133,

2021 WL 431459, at *1 (S.D. Ohio Jan. 5, 2021), *report and recommendation adopted*, No.

2:20-CV-6133, 2021 WL 427159 (S.D. Ohio Feb. 8, 2021) (denying motion to proceed *in forma*

*pauperis* where Plaintiff's income was more than twice the poverty level); *Behmlander v.*

---

[1] A review of the 2021 Federal Poverty Guidelines available at aspe.hhs.gov indicates that the poverty guideline for a single person is an annual income of $12,880.00.  Plaintiff's biweekly net income of $480.00 equates to an annual net income of $24,960.00.

[2] To the extent that Plaintiff's application or supplemental information sets forth additional expenses, he does not identify them in terms of monthly expenses.  For example, in his application, he notes two Navy federal loans but not a monthly payment amount (ECF No. 1 at PAGEID # 3.)  Further, in his supplemental filing he refers to $140 for heart valve check ups but does not specify the frequency.  (ECF No. 2 at PAGEID # 9.)

*Comm'r of Soc. Sec.*, No. 12-14424, 2012 WL 5457383, at *1 (E.D. Mich. Nov. 8, 2012) (same);

*see also Boykin v. Comm'r of Soc. Sec.*, 2017 WL 1023795 (N.D. Ohio) (order adopting

recommendation to deny IFP because monthly gross income exceeded expenses by $490.00).

Rather, this appears to be a case where Plaintiff must "weigh the financial constraints posed by

pursuing [his] complaint against the merits of [his] claims." *Behmlander*, 2012 WL 5457466, at

*2.

In sum, in view of Plaintiff's income, the Undersigned finds that Plaintiff has not

demonstrated that, because of his poverty, he is unable to pay for the costs of this litigation and

still provide for himself. It is, therefore, **RECOMMENDED** that Plaintiff's Application to

Proceed *In Forma Pauperis*, ECF No. 1, be **DENIED** and that he be ordered to pay the required

$402 filing fee within **FOURTEEN (14) DAYS** if he intends to proceed.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that

party may, within fourteen (14) days, file and serve on all parties objections to the Report and

Recommendation, specifically designating this Report and Recommendation, and the part in

question, as well as the basis for objection. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

Response to objections must be filed within fourteen (14) days after being served with a copy.

Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and

Recommendation will result in a waiver of the right to *de novo* review of by the District Judge

and waiver of the right to appeal the judgment of the District Court. *See, e.g., Pfahler v. Nat'l

Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the

magistrate judge's recommendations constituted a waiver of [th defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objection to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . ." (citation omitted)).

Date: May 4, 2021                                        /s/ *Elizabeth A. Preston Deavers*
                                                 ELIZABETH A. PRESTON DEAVERS
                                                 UNITED STATES MAGISTRATE JUDGE